# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LOUIS BERNARDO, JR., | : | |
| Plaintiff, | : | |
| v. | : | 3:06cv1504 (WWE) |
| GEORGE WESTON BAKERIES DISTRIBUTION, INC. and ARNOLD FOODS COMPANY, INC., | : | |
| Defendants. | : | |

## RULING ON DEFENDANTS' MOTION TO DISMISS

In this action, plaintiff Louis Bernardo alleges that his former employer, defendant Arnold Foods, a wholly-owned subsidiary of defendant George Weston Bakeries Distribution, wrongly refused to pay him the monetary value of his six weeks of unused vacation time that accrued in 2002. In count one, plaintiff asserts a claim for breach of implied contract and the covenant of good faith. In count two, he claims a violation of the state Wage Claim Act, Connecticut General Statute Section 31-72. Plaintiff asserts these claims on behalf of himself and a class of similarly situated individuals.

Defendants have moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). After defendants filed the motion to dismiss, this Court allowed plaintiff to file an amended complaint. However, the defendants have filed papers relevant to the amended complaint. For the following reasons, the motion to dismiss will be granted.

**BACKGROUND**

The following background is reflected in the allegations of the complaint, which are taken as true for purposes of ruling on this motion to dismiss. The complaint is deemed to include any written instrument attached to it as an exhibit or document incorporated by reference. Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42 (2d Cir. 1991).

Plaintiff Bernardo was employed by defendant Arnold Foods for 29 years prior to his retirement in 2005. The terms and conditions of Bernardo's employment with defendants were set forth in defendants' Personnel Policy Manual for Salaried Employees.

The "Preface" to the Personnel Policy Manual contains the following disclaimer:

> BECAUSE THIS MANUAL IS NOT CONTRACTUALLY BINDING, EMPLOYEES RETAIN THEIR NORMAL RIGHTS TO TERMINATE THEIR EMPLOYMENT RELATIONSHIP AT ANY TIME, WITH OR WITHOUT ANY NOTICE OR REASON, AND THE COMPANY OF COURSE RETAINS THE SAME RIGHT.

The Personnel Policy Manual also stated: "Vacation may not be carried over from one year to the next. " The manual provided further:

> An employee with a minimum of one year's service, who leaves the Company for any reason, **except retirement**, will receive pay-in-lieu of all unused Company provided vacation to which they were entitled in the year in which they terminate.

The manual further delineated that "[e]mployees who retire will receive pay-in-lieu of 100% of their earned Company provided vacation for the year in which they retire, less any vacation actually taken during that year."

Plaintiff alleges that prior to 2003, salaried employees were allowed to accrue

unused vacation time in a given calendar year and to receive the monetary equivalent of that unused vacation time in the following year.

Since January 1, 2003, Bernardo has demanded that he be paid $12,576.93, the monetary equivalent of the unused vacation time that he had accrued in 2002.

## DISCUSSION

### Motion to Dismiss

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### Breach of Contract

Bernardo asserts that the Personnel Policy Manual for Salaried Employees created an implied contract that plaintiff would be paid for his accrued unused vacation time. However, this claim is belied by the terms of the employee manual.

It is well established that statements in an employer's personnel manual may give rise to an express or implied contract between employer and employee. Magnan v. Anaconda Indus., Inc., 193 Conn. 558, 564 (1984). However, "employers can protect themselves against employee contract claims based on statements made in personnel manuals" by 1) "eschewing language that could reasonably be construed as a basis for a

contractual promise"; or 2) "including appropriate disclaimers of the intention to contract . . . ." Gaudio v. Griffin Health Services Corp., 249 Conn. 523, 535 (1999). In this instance, the Personnel Policy Manual for Salaried Employees contains an express disclaimer.

The manual contains no language that would give rise to a contractual duty to pay plaintiff for his unused vacation time in the following year. In order to support liability in contract, defendants' representations must be sufficiently definite to manifest a present intention on the part of defendants to undertake contractual obligations to plaintiff. Dunham v. Dunham, 204 Conn. 303, 313 (1987). Here, the terms of the manual contradict plaintiff's asserted entitlement to monetary payment for his accrued vacation time. In 2002, plaintiff was not an employee who had terminated his employment, which fact would give rise to an entitlement to "pay-in-lieu of all unused Company provided vacation. . . ." in that year. Plaintiff cannot establish facts establishing his claim of breach of implied contract based on the employee manual.

Breach of Covenant of Good Faith and Fair Dealing

Plaintiff alleges that defendants' refusal to pay him the monetary value of the unused vacation time constitutes a breach of the covenant of fair dealing implied in their employment relationship.

The existence of a contract between the parties is a necessary antecedent to a claim of breach of the covenant of good faith and fair dealing, which requires that defendants must have engaged in bad faith conduct relative to its failure to fulfill some duty or contractual obligation. See Miller v. Guimares, 78 Conn. App. 760, 772-73 (2003). Consistent with the previous discussion, plaintiff cannot establish a duty based

on an implied contract, and no other alleged facts give rise to some other duty owed to plaintiff. Accordingly, the Court will dismiss the breach of the covenant of good faith as stated in the amended complaint. However, plaintiff may amend the complaint to assert allegations of defendants' bad conduct giving rise to breach of some duty owed to plaintiff.

Wage Claim Act

Defendants argue that plaintiff's state Wage Claim Act claim is barred by the two year statute of limitations of Connecticut General Statutes section 52-596, which applies to actions brought under Connecticut General Statutes section 31-72.

Section 52-596 provides:

> No action for payment of remuneration for employment payable periodically shall be brought but within two years after the right of action accrues.

There is no dispute that plaintiff has brought his claim outside of the two year time period described in Section 52-596. The Court finds that the alleged entitlement to vacation pay that is accrued annually falls within the context of Section 52-596. Thus, regardless of the merits of plaintiff's assertion, his Wage Claim Act claim is barred by the statute of limitations.

## **CONCLUSION**

Based on the foregoing, defendants' motion to dismiss [doc. # 20] is GRANTED. The claims of breach of implied contract and violation of the Wage Claim Act are dismissed with prejudice. If plaintiff can plead a breach of the covenant of good faith

claim arising from defendants' failure to fulfill some duty owed to him, plaintiff may amend the complaint within ten days of this Ruling's filing date.

_____/s/_____
Warren W. Eginton
Senior U.S. District Judge

Dated this 30th day of May, 2007 at Bridgeport, Connecticut.